IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE WALLACE, | : | 1:11-CV-132 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| WARDEN BLEDSOE, | : | |
| | : | |
| Respondent. | : | |

# MEMORANDUM

## February 25, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 7), filed on February 7, 2011. The R&R recommends that the instant 28 U.S.C. § 2241 habeas corpus petition be dismissed because Petitioner's claim is the type of claim that must be brought by way of a 28 U.S.C. § 2255 motion. Petitioner Tyrone Wallace ("Wallace") filed objections to the R&R on February 16, 2011. (Doc. 8). Thus, this matter is ripe for our review and disposition.

**I.  PROCEDURAL AND FACTUAL BACKGROUND**

On January 19, 2011, Wallace filed this action, self-styled as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Wallace's application for leave to proceed *in forma pauperis*, although previously denied, will be granted herein.[1] The grounds raised in the petition are that the United States District Court for the Northern District of Illinois erred when it used his previous state conviction for unlawful restraint to enhance his federal sentence based on a finding that he was an armed career offender.

In 2002, following a jury trial, Wallace was convicted of two firearms offenses, including felon in possession of a firearm. He was sentenced to a 300 month term of imprisonment. The United States Court of Appeals for the Seventh Circuit affirmed the district court's judgment and imposition of sentence, noting that Wallace had been convicted "of being a felon in possession of firearm while having three prior felony convictions, and was sentenced to 300 months imprisonment." *U.S. v. Wallace*, 326 F. 3d 881 (7th Cir. 2003). Wallace's petition for writ of certiorari with the United States Supreme Court was denied on October 6, 2003. Thereafter, Petitioner filed a motion to vacate his sentence pursuant to 28

---

[1] Magistrate Judge Blewitt previously denied Wallace's *in forma pauperis* application on January 21, 2011. Thereafter, Wallace filed a Motion for Immediate Reconsideration of the denial of his *in forma pauperis* application with an affidavit. (Docs 5 and 6). Upon consideration of the motion and affidavit, Magistrate Judge Blewitt recommends we grant Wallace *in forma pauperis* status. We agree with this recommendation and shall adopt the same in our Order that shall accompany this Memorandum.

U.S.C. § 2255. The Illinois district court denied it as untimely on August 17, 2005. Thereafter, Wallace filed two 28 U.S.C. § 2241 petitions with the Illinois district court, both of which were dismissed for lack of jurisdiction. Thereafter, the instant § 2241 petition was filed before this Court.[2]

## II. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III. DISCUSSION

---

[2] We note that Wallace's petition is properly filed with this Court to the extent he is incarcerated in this District, however, it shall be dismissed for other reasons stated herein.

Except under certain circumstances, in order to collaterally attack a criminal conviction or sentence, a petitioner must proceed by motion made pursuant to 28 U.S.C. § 2255. To appropriately bring a 28 U.S.C. § 2241 petition in lieu of a 28 U.S.C. § 2255 motion, a petitioner must establish that he satisfies the safety-valve language of §2255, i.e. that the remedy of a §2255 motion is inadequate or ineffective to test the legality of his detention. *Manna v. Schultz*, 591 F. 3d 664, 665 (3d Cir. 2010). A motion under §2255 is inadequate or ineffective only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication on his claim of wrongful detention." *Application of Galante*, 437 F. 2d 1164, 1165(3d Cir. 1971)(quoting *Leguillou v. Davis*, 212 F. 2d 681, 684 (3d Cir. 1954)). To be sure, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255 ." *Cradle v. United States*, 290 F. 3d 536, 539 (3d Cir. 2002). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* 538.

Magistrate Judge Blewitt recommends that instant petition be dismissed because Petitioner's claim is of the type that must be brought by way of §2255 motion. Petitioner does not meet any of the exceptions allowing him to do

otherwise. It is well to note that matter *sub judice* is not the same as the situation of the petitioner in *In re Dorsainvil*, 119 F. 3d 245 (3d Cir. 1997). *Dorsainvil* involved a prisoner who sought to bring a successive § 2255 motion on the basis of the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995), wherein the Supreme Court held that a defendant may not be convicted of using a firearm under 19 U.S.C. § 924(c) unless the government proves that the defendant actively employed the firearm during and in relation to the predicate crime. After the *Bailey* decision, the *Dorsainvil* petitioner filed an application to file a successive § 2255 motion, claiming that on the basis of *Bailey*, he was imprisoned for conduct that the Supreme Court had determined is not illegal. The Third Circuit concluded that the petitioner could not file a successive § 2255 motion because the second motion did not meet the stringent exception requirements, however the petitioner could file a 28 U.S.C. § 2241 petition based on the holding of the *Bailey* case. Thus, the petitioner in *Dorsainvil* and similar cases was allowed to present his claims that he was imprisoned for conduct that the Supreme Court had determined was not illegal in a § 2241 petition because he did not have an unobstructed procedural opportunity to raise his claim in a § 2255 motion, since his § 2255 motions was filed prior to *Bailey* and he did not meet the requirements for filing a successive § 2255 motion after *Bailey*.

Moreover, the Third Circuit has repeatedly held that federal inmates must first show that a § 2255 motion is inadequate or ineffective prior to being permitted to utilize § 2241 to challenge a conviction and sentence. Instructive on this point is *Littles v. United States*, 142 Fed. Appx. 103 (3d Cir. 2005), wherein the petitioner filed a § 2241 habeas petition claiming that one of his previous state convictions should not have been used by the sentencing court in determining that he was a career offender under the sentencing guidelines, arguing that one of the predicate convictions was unconstitutionally obtained. The Third Circuit vacated the portion of the Middle District of Pennsylvania District Court's decision that considered Littles' habeas petition claim on its merits, "because Littles was proceeding pursuant to § 2241, the District Court was without jurisdiction to consider the merits of his petition." *Id*. at 104.

Magistrate Judge Blewitt aptly notes that although Petitioner has already filed a § 2255 motion in the sentencing court that was denied, he has not demonstrated a personal inability to utilize the remedy. Petitioner's appropriate recourse is to file a motion to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the Seventh Circuit. *See Hart v. Holt*, 2007 WL 626159 (M.D. Pa. 2007)(district court ruled that petitioner should raise his claim that his sentence

should not have been enhanced under the ACCA by filing a motion with the circuit court to file a successive § 2255 motion).

## IV. CONCLUSION

Accordingly, for the foregoing reasons as stated by this Court and the Magistrate Judge, we shall overrule Petitioner's objections and adopt the R&R in its entirety. An appropriate Order shall issue.